**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**CHRISTOPHER E. BUTLER,**

    **Plaintiff,**

  vs.                                          Civil Action 2:08-CV-586
                                                    Judge Smith
                                                    Magistrate Judge King

**CRAIG AUFDENKAMPE,** *et al.,*

    **Defendants.**

### REPORT AND RECOMMENDATION

        Plaintiff brings this action under 42 U.S.C. §1983, alleging that defendants, corrections officers at the Noble Correctional Institution ["NCI"], threatened to retaliate against plaintiff and other inmates for having filed complaints about prison policies and posted racially inflammatory remarks that threatened the safety of plaintiff and other inmates. *Complaint,* Doc. No. 3. The complaint seeks injunctive relief in the form of a "safe environment for myself and other inmates." *Complaint,* at p.7.

        After filing the complaint, plaintiff filed a notice of change of address with the Court, *Notice,* Doc. No. 7, in which he indicates that he was released from NCI on June 20, 2008. *Id.*

        This matter is now before the Court on *Defendants' Motion to Dismiss*, Doc. No. 11, which argues, *inter alia,* that plaintiff's claims are now moot. Although plaintiff was specifically advised of his right to respond to the motion to dismiss, and of the consequence of his failure to do so, *see Order,* Doc. No. 14, there has nevertheless been no response to the motion to dismiss.

        In their motion to dismiss, defendants argue that the

complaint fails to state a claim upon which relief can be granted. *See* F.R. Civ. P. 12(b)(6). In considering a motion to dismiss under F.R. Civ. P. 12(b)(6), the Court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007). Under general pleading standards, the facts alleged in the complaint need not be detailed, although "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Id*. at 1964–65 (alteration in original.) Because a motion under Rule 12(b)(6) is directed solely to the complaint itself, the Court must focus on whether the claimant is entitled to offer evidence to support the claims, rather than whether the plaintiff will ultimately prevail. *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). The Court will grant a motion to dismiss under Rule 12(b)(6) if the complaint is without merit because of the absence of either facts or law to support a claim of the type made, or if, on the face of the complaint, there appears an insurmountable bar to relief. *See generally Rauch v. Day & Night Manufacturing Corp.,* 576 F.2d 697, 702 (6th Cir. 1978).

Because it appears that plaintiff is no longer incarcerated at NCI, his claims for injunctive relief, the only relief sought by plaintiff in this action, are now moot. Accordingly, it is **RECOMMENDED** that *Defendants' Motion to Dismiss*, Doc. No. 11, be **GRANTED.**

If any party seeks review by the District Judge of this *Report*

*and Recommendation,* that party may, within ten (10) days, file and serve on all parties objections to the *Report and Recommendation,* specifically designating this *Report and Recommendation,* and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b).  Response to objections must be filed within ten (10) days after being served with a copy thereof.  F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation*.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *Smith v. Detroit Federation of Teachers, Local 231 etc.,* 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

October 8, 2008                                    *s/Norah McCann King*
                                                            Norah M$^c$Cann King
                                        United States Magistrate Judge